IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARABETH W.,[1] <br><br> **Plaintiff,** <br><br> v. <br><br> **COMISSIONER of SOCIAL SECURITY,** <br><br> **Defendant.** | Case No. 23-CV-03680-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, represented by counsel, seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits ("DIB") benefits pursuant to 42 U.S.C. § 423 and a period of disability pursuant to 42 U.S.C. § 416(i).[2]

## PROCEDURAL HISTORY

Plaintiff applied for benefits on September 18, 2020, alleging disability beginning January 20, 2017. (Tr. 224). After holding an evidentiary hearing, the Administrative Law Judge (ALJ) denied the application on March 29, 2023 (Tr. 16-29). The Appeals Council denied review, and the decision of the ALJ became the final

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to Supplemental Security Income ("SSI") are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

agency decision. (Tr. 1). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following point: The ALJ's residual functional capacity ("RFC") determination was unsupported by substantial evidence.

## APPLICABLE LEGAL STANDARDS

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). To determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps 1–4. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff had not worked at the level of substantial gainful activity since the alleged onset date through her date last insured on September 30, 2019.

(Tr. 18). The ALJ found that Plaintiff had cervical spine degenerative disc disease with radiculopathy; medial or ulnar nerve entrapment; peripheral neuropathy; and migraine headache. (Tr. 19).

The ALJ determined Plaintiff had the RFC to perform light work, but limited in that she could only lift and/or carry (including upward pulling) 20 pounds occasionally and 10 pounds frequently. (Tr. 22). The ALJ also determined Plaintiff could occasionally push and/or pull with the bilateral upper extremities, she could stand and/or walk (with normal breaks) for a total of six hours in an eight-hour workday, and she could sit (with normal breaks) for a total of six hours in an eight-hour workday. (*Id.*). She could frequently climb ramps and stairs; she could occasionally climb ladders, ropes, and scaffolds; and she could occasionally crawl. (Tr. 22-23). She could occasionally reach overhead with the bilateral upper extremities, and she could frequently reach in all other directions with the bilateral upper extremities. (Tr. 23). The ALJ also found that she should work in a setting with no more than a moderate noise intensity level and she should never be exposed to vibration. (*Id.*).

Based on the testimony of the vocational expert, the ALJ concluded that Plaintiff was unable to do her past relevant work during the claimed period of disability, while also making an alternative finding that she was able to do other jobs at the light exertional level which exist in significant numbers in the national economy. (Tr. 27-28).

**THE EVIDENTIARY RECORD**

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The Court finds that the ALJ's summary of the record in his decision, when compared with the points raised by Plaintiff, is sufficiently comprehensive and, therefore, there is no need to summarize it again here.

**ANALYSIS**

Plaintiff claimed she suffered from a variety of physical ailments that, in conjunction, prevented her from being able to perform even light work for a claimed period disability.

This Court reviews the Commissioner's decision to ensure that it is supported by substantial evidence and that no mistakes of law were made. However, the scope is limited and review is deferential. The Court must also use an "extremely deferential" standard in reviewing an ALJ's credibility findings. *Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013). The Court cannot reweigh the facts or reconsider the evidence, and can upset the ALJ's finding only if it is "patently wrong." *Id*.

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. The ALJ used Plaintiff's deficits, including non-exertional impairments, to come to a determination for his RFC that Plaintiff was limited to light work.[3] The

---

[3] Light work is defined by the Guidelines in terms of the strength requirements of the job, described in the regulations as physical exertion or exertional requirements. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine

ALJ's restrictions were more limiting than those assessed by state-agency physician Cristina Orfei, M.D. While Plaintiff argues that the ALJ did not accommodate her migraines, the ALJ adopted the restrictions that Dr. Orfei found due to migraines–specifically avoiding even moderate exposure to noise and any exposure to vibrations. (Tr. 23, 112). The ALJ considered objective evidence showing mostly normal strength. The ALJ found that Plaintiff was active based on the medical records and he further looked to Plaintiff's improvement with treatment and surgery over time. (Tr. 24-26, 526).

Plaintiff contends that the ALJ weighed evidence that did not support his opinion differently than evidence that showed improvement. Plaintiff claims that the "significant post-surgery improvement indicates that Plaintiff's limitations, subjective symptoms, ability to complete activities of daily living, and functionality were [] significantly different prior to the surgery." (Doc. 13, p. 17). Importantly, the Court cannot reweigh facts. Additionally, "the ALJ is not required to address every piece of evidence," although the ALJ must "articulate some legitimate reason for his decision" building an "accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000). Here, the ALJ did just that. In a comprehensive discussion of Plaintiff's function report, testimony, and medical records, the ALJ addressed Plaintiff's reported impairments, improvements, and listed his reasoning for why the objective medical evidence supported his conclusions. The ALJ also found that plaintiff's ability to engage in a range of daily activities

---

that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

indicated that she was capable of doing more than she claimed. This is a permissible conclusion. *See Pepper v. Colvin*, 712 F.3d 351, 368-369 (7th Cir. 2013).

The record indicates that the ALJ's findings were supported by substantial evidence, and he did not commit any errors of law.

## Conclusion

After careful review of the record, the Court is convinced that the ALJ committed no reversable errors of law, and that his findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits and a period of disability is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED:** December 29, 2024

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**